RANDAL R. LEONARD, ESQ.
Nevada Bar No. 6716
Law Office of Randal R. Leonard, Esq.
500 S. Eighth St.
Las Vegas, NV 89101
(702) 598-3667/ office
(702) 598-3926/ facsimile
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KIM BOLIBA,

    Plaintiff,

-vs.-

CAMPING WORLD, INC.; CAMPING WORLD RV SALES, LLC; WHEELER LAS VEGAS RV d/b/a CAMPING WORLD RV SALES; WINNEBAGO INDUSTRIES, INC.; DOES 1-10; and ROE CORPORATIONS 1-10, inclusive,

    Defendants.

CASE No.
2:14-cv-01840-JAD-NJK

## SECOND AMENDED COMPLAINT

COMES NOW, Plaintiff KIM BOLIBA (hereinafter "Plaintiff") and for causes of action against the Defendants, and each of them, alleges as follows:

### General Allegations

1. The jurisdiction of the Court is predicated on 28 U.S.C. §§ 1331, 1332 & 1367. Venue is proper in the District of Nevada in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

2. At all times relevant hereto, Plaintiff was a resident of the State of California.

3. At all times relevant, Defendant CAMPING WORLD, INC., is a Minnesota

1

Corporation, authorized to do business in the State of Nevada, and upon information and belief doing business also as WHEELER'S LAS VEGAS RV.

4. At all times relevant, CAMPING WORLD RV SALES, LLC, is a Minnesota Limited Liability Company, authorized to do business in the State of Nevada, and upon information and belief doing business also as WHEELER'S LAS VEGAS RV.

5. At all times relevant, WINNEBAGO INDUSTRIES, INC., is an Iowa Corporation, authorized to do business in the State of Nevada.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Doe Defendants 1-10 and/or Roe Corporations 1-10, inclusive, are unknown to the Plaintiff at this time, who therefore sues said defendants by such fictitious names and will ask leave of Court to amend this Complaint to show the true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a Doe Defendant or Roe Corporation is responsible in some manner for the events and happenings herein referred to and which proximately caused damages to Plaintiff, as hereinafter alleged. Plaintiff is informed and believes and thereon alleges that each Roe Corporation is a sham and therefore liability should attach to the individual owner of each pursuant to the theory of alter ego.

7. At all times relevant, each of the Defendants were the agent and/or employee of each of the remaining Defendants and were at all times acting within the purpose and scope of said agency and/or employment.

8. In and around the beginning of November of 2013, Plaintiff and his partner Richard Wheatley ("Rich") went to the Camping World located at 13175 South Las Vegas Boulevard, Las Vegas, Nevada in search of maybe purchasing a new 2014 RV. They

were in Las Vegas on vacation and were ready to get rid of their older RV.

9. Plaintiff and his partner Rich were met by Robert Duston, an RV Sales Associate for CAMPING WORLD RV SALES.

10. Plaintiff and his partner Rich were very specific with Mr. Duston that they wanted a 2014 model. Mr. Duston said he had only one more on the lot and showed them the vehicle that is the subject of this action (a Winnebago Itasca Ellipse, Model IKR42GD).

11. As they looked at the RV, Mr. Duston said that if they purchased this particular vehicle, they would get a great deal on it.

12. They went back to where there were staying to think about it overnight. They came back the next day to look at the subject vehicle again. Mr. Duston offered to install a Bose sound system and pots and pans as an incentive to purchase the subject RV.

13. Plaintiff decided to purchase the subject vehicle and was then introduced to Paul Gottlieb, the finance director at CAMPING WORLD RV SALES.

14. While with Mr. Gottlieb, Plaintiff indicated that he wanted to pay a portion with cash and finance the remainder with Bank of America. Mr. Gottlieb said that it was great because CAMPING WORLD RV SALES works with Bank of America.

15. However, after Mr. Gottlieb contacted Bank of America in Las Vegas, Plaintiff was denied financing. Plaintiff was confused at the denial because at the time, he had over $300,000.00 in a personal bank account, twice that amount in annuities, and owned more than one building in San Francisco, California worth over several million dollars combined.

16. Subsequently, Mr. Gottlieb contacted other finance companies and they denied Plaintiff as well. Plaintiff and his partner Rich stayed in Las Vegas for over a month working with Mr. Gottlieb on financing.

17. Plaintiff subsequently contacted Bank of America in Livermore, California and was approved for the loan. At about that time, he was also approved for the loan with Bank of America in Las Vegas. However, Plaintiff was approved only after having to put more cash down than he originally wish to do. Ultimately, Plaintiff had to put down over 20% of the purchase price in cash in order to get financing.

18. Upon information and belief, Plaintiff believes that the reason he ultimately had to put down more cash than he wished to put down, was that the subject RV is in reality a 2013 model and not a 2014 model.

19. On or about December 10, 2013, Plaintiff executed the purchase documents purchasing what was purported as a 2014 Itasca Ellipse, Model IKR42GD. On each relevant purchase document, it was claimed that the subject RV was a 2014 model year. In reliance on this designation, Plaintiff purchased the subject RV.

20. In January of 2014, Plaintiff went to the DMV in California in order to register and title his newly purchased RV.

21. To his surprise, he was informed by California DMV personnel that the vehicle he purchased was in fact a 2013 model and not the 2014 model he thought he was purchasing.

22. The subject vehicle chassis was manufactured by Freightliner CCC as an incomplete vehicle in December of 2012 based on the manufacturer's plate located inside the vehicle. Winnebago manufactured the remainder and finished its work in February of 2013.

23. The subject RV vehicle identification number is VIN 4UZFCUCY0DCFJ0829.

24. According to 49 CFR 565.15(d)(1), the 10th number/letter of the VIN should correspond to the model year. The regulations further state that "D" is for 2013 and

"E" is for 2014.

25. The subject RV has a "D" in the tenth position making it a 2013 model year as per the VIN.

26. Plaintiff did not know the above information regarding the VIN until he went to the California DMV to register and title the subject RV.

27. Plaintiff immediately contacted CAMPING WORLD and CAMPING WORLD RV SALES about the VIN issue. They repeatedly claimed that the subject RV was a 2014.

28. He was referred to WINNEBAGO INDUSTRIES, INC.

29. WINNEBAGO stated that the subject RV was a 2014 because that is what they designated the subject RV as.

30. WINNEBAGO sent Plaintiff a document entitled "Certificate of Origin for a Vehicle," dated 04/25/13 that purported to designate the subject RV as a 2014 even though the VIN clearly designates the subject RV as a 2013.

31. Additionally, comparison of the brochures from WINNEBAGO for the Itasca Ellipse model years 2013 and 2014 show that Plaintiff's RV vehicle that is the subject of this action, is a 2013 and not a 2014 as the Defendants claim.

32. At the time of purchase of the subject RV, Plaintiff was provided with written warranty materials that are hereby incorporated by reference as though fully set forth herein. Additionally, Plaintiff entered into a Service Agreement with CAMPING WORLD, INC. that is hereby incorporated by reference as though fully set forth herein. At the time of purchase, CAMPING WORLD RV SALES personnel represented to Plaintiff that the subject RV had been fully inspected and serviced and was in good working condition and free from defects. In reliance on these representations, Plaintiff purchased the subject RV.

5

33. Nevertheless, Plaintiff and his partner Rich found numerous problems with the subject RV upon obtaining possession. The found around 30 items that were wrong with their "new" RV and duly reported it to CAMPING WORLD RV SALES and CAMPING WORLD.

34. These items include but are not limited to the following: INSIDE – a slide out beam is bent; the wooden ceiling trim in the bedroom is obviously broken and patched together; the King bed only has one remote and should have two; the door and frame to the washer and dryer fell off while driving; the shower doors do not stay on track; the wooden frame under the living room television is badly chipped; some parts of the trim in the living room are falling off; the marble counter-tops in the kitchen are worn, cut-up and not in new condition; most of the inside blinds do not go all the way up and the bottom bar fell off because it had lost all of the stitching; navigation and dash lights will sometimes start flickering while driving; freezer handle came off and is still loose; driver's side night blind does not function properly; blinds on entry door broke off completely; the television in the bedroom infrared doesn't work when using it; the HDMI is not connected correctly and has never worked properly; and the bottom drawer under the love seat fell through. OUTSIDE – all 4 batteries were dead upon obtaining possession of the subject RV; the outside compartment doors seem to have been removed and improperly rebolted onto the coach chassis and do not close/open properly; there are rusted parts underneath the subject RV; was not supplied with an exterior toilet kit to assemble to the sewer; the self-leveling jacks do not function properly and started to come down while driving on the freeway 3 times; the leveling jacks do not properly function when stopped and cause the entire vehicle to shake violently when engaged and it appears that they are leaking; windshield trim is not

completely sealed and leaks; one of the windshield wipers looks like it is a replacement part; door seals do not seal properly allowing water to enter when it rains; water is dripping constantly under tank underneath the RV; appears that significant body work was done underneath the vehicle; driver's side window gasket is loose and has a hole; housing for side rear-view mirrors is cracked and separating; top inside edge of passenger side basement door gasket is bent; latch on passenger side door appears to have been remounted; frame looks bent when viewing the passenger side from front to back; rusty slide mechanism on passenger front.

35. According to Plaintiff, some issues that did not require any additional parts were fixed that same day, but there were issues that would require him to return to CAMPING WORLD in Las Vegas because parts had to be ordered from WINNEBAGO.

36. After several months, with excuse after excuse from CAMPING WORLD in Las Vegas, wherein it claimed that the needed parts never arrived, the remaining issues were never repaired.

37. After dealing with this frustration for several months, Plaintiff requested that the warranty repair work be transferred to CAMPING WORLD in Vacaville, CA, so the repairs could be performed there, closer to where Plaintiff resided. Ultimately the repair shop in Vacaville would not perform the repairs because it claimed it was unable to bill CAMPING WORLD in Las Vegas.

38. The repairs still need to be done.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT
### (Against all Defendants)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is informed and believes that the Defendants, and each of them, entered into written or implied contracts with the Plaintiff and that said contracts state and/or it is implied within said contracts that, among other things, that the specific RV purchased by Plaintiff was a 2014 model year RV and was in new and working condition, free from defects and fit for its intended purpose, and/or that to the extent the subject RV was not in such condition, Defendants, and each of them would repair the subject RV to bring it into a condition where it is working and free from defects so that it would be fit for its intended purpose, at the cost and expense of the Defendants. The contracts are incorporated herein by reference.

41. Plaintiff has fully performed all conditions, covenants, and promises required by them to be performed in accordance with the terms and conditions of said written contracts or performance has been excused.

42. Plaintiff is informed and believes and therefore alleges that all conditions required by the contracts for Defendants' performance occurred.

43. Plaintiff is informed and believes and therefore alleges that Defendants, and each of them, breached said contracts by, among other things without limiting: failing to deliver to Plaintiff a 2014 model year RV vehicle and failing to repair the subject RV.

44. As a direct and proximate cause of the Defendants' breaches, Plaintiff has suffered to his damage an amount to be shown according to proof.

45. Plaintiff has been forced to retain an attorney to file this action and is therefore entitled to attorney's fees and costs of suit.

/ / /

/ / /

/ / /

8

## SECOND CAUSE OF ACTION
## VIOLATION OF DECEPTIVE TRADE PRACTICES
## PURSUANT TO NRS 598.0915(6) & (15)
### (Against all Defendants)

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff as a consumer, is entitled to the rights and benefits of Nevada Revised Statute 598.0915(6) & (15) which prohibits unfair or deceptive acts or practices in the sale of goods, including the subject RV vehicle.

48. Plaintiff is of a class of persons for whom the above statute was enacted.

49. Defendants, by their representations and acts described herein, have violated NRS 598.0915(6) & (15).

50. As a direct and proximate result of the Defendants' violation of NRS 598.0915(6) & (15), Plaintiff has suffered to his damage in an amount to be shown by proof.

51. Defendants acted with malice, express or implied, in that its conduct was willful, intentional and done in reckless disregard of its possible results and/or with conscious indifference to or reckless disregard for the rights of the Plaintiff, and without just cause or excuse. Further, NRS § 47.240(1) provides a conclusive presumption of a malicious and guilty intent from the deliberate commission of an unlawful act, for the purpose of injuring another. Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants, and each of them, and to deter others from like conduct as per NRS 42.005.

52. Plaintiff has been forced to hire counsel and is entitled to attorney's fees and costs of suit under NRS 41.600.

///

9

## THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTIES UNDER NRS 104.2313
### (Against all Defendants)

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 52 as though fully set forth herein.

54. Defendants expressly warranted or allowed to be expressly warranted to the Plaintiff that the subject RV was fit for its intended purpose, was in working condition, had been inspected, and was free from defects at the time of sale. They further warranted as set forth in the written warranties incorporated herein by reference in the contracts and/or the service contract, that the defects complained of by Plaintiff would be repaired according to the terms of the written warranties and/or service contract.

55. Defendants, and each of them, expressly warranted that the subject RV sold to the Plaintiff was a 2014 model year vehicle.

56. Plaintiff relied on the express warranties and believed that he subject RV would be free from defects, be fit and proper for its intended purpose, be in good working condition, and be a 2014 model year vehicle.

57. Defendants and each of them, breached the written express warranties regarding that the subject RV was fit for its intended purpose, was in working condition, had been inspected, and was free from defects at the time of sale.

58. Defendants, and each of them, by their actions, have failed to remedy the defects of the subject RV.

59. Defendants, and each of them, breached the express warranty that the subject RV was a 2014 model year vehicle by selling or allowing to be sold the subject RV when it was actually a 2013 model year vehicle.

60. As a direct and proximate result, Plaintiff has suffered and continues to suffer to his

damage an amount to be shown by proof.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTIES UNDER NRS 104.2314 & 104.2315
### (Against all Defendants)

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as though fully set forth herein.

62. Commencing on a date unknown to the Plaintiff, Defendants, and each of them, participated in the manner set forth herein as to each, in the manufacture, distribution, inspection, repair and/or sale of the subject RV and/or written warranties and/or service contract with respect thereto.

63. Defendants, and each of them, were and are merchants and/or manufacturers with respect to the subject RV, and impliedly warranted that the subject RV was designed, manufactured, inspected and/or repaired in a commercially reasonable manner, was of merchantable quality, and would be fit for its intended purposes when the Defendants, and each of them, offered said vehicle for sale to the general public.

64. Plaintiff is informed and believes and therefore alleges that Defendants, and each of them, know or had reason to know that the vehicle would be used as a recreational vehicle for travel and living and that the purchasers would rely upon the skill and judgment and expertise of the Defendants in the design, manufacture, inspection, repair and sale of the subject RV.

65. Plaintiff relied on the Defendants, and each of them, in their implied representations that the subject RV was manufactured in a commercially reasonable manner and suited for its intended purposes and use when they purchased the subject vehicle.

66. Plaintiff has become aware that the subject RV is not of merchantable quality or fit for

11

its intended purpose, but is in fact defective, and thereupon alleges that as a direct and proximate result of the defects set forth herein, Plaintiff has suffered to his damage in an amount to be shown by proof.

67. The subject RV may be defective in ways currently unknown, but will be established by proof.

68. Plaintiff has timely notified Defendants, and each of them, that the subject vehicle was not in a merchantable condition and of the particular defects. Notwithstanding the notices, Defendants, and each of them have refused to make the necessary repairs at their expense in order to remedy the defects.

69. Plaintiff is informed and believes that the above defects are directly and proximately caused by, the above described latent defects in the design and manufacture of the subject RV, and that prior to the time when it was discovered by Plaintiff as set forth herein, the deficient conditions could not have been discovered by the exercise of reasonable diligence.

70. As a direct and proximate result of the defects set forth herein and the breach of the implied warranties by the Defendants, and each of them, Plaintiff has suffered to his damage an amount to be shown by proof.

### FIFTH CAUSE OF ACTION
### BREACH OF THE OBLIGATION OF GOOD FAITH AND FAIR DEALING
(Against all Defendants)

71. Plaintiff realleges and incorporates by reference paragraphs 1 through 70 as though fully set forth herein.

72. NRS 104.1203 and at common law, Defendants were under an obligation to act in good faith toward the Plaintiff.

73. Defendants, and each of them, breach the obligations of good faith and fair dealing

when they refused or delayed to repair the defects in the subject RV as outlined herein. Further, Defendants, and each of them further breached the obligation of good faith and fair dealing when they, and each of them, refused to remedy the wrong model year RV delivered to the Plaintiff.

74. As a direct and proximate cause of the Defendants' breaches, Plaintiff has suffered damages in an amount to be shown according to proof.

75. Plaintiff has had to retain counsel and is therefore entitled to costs and attorney fees.

### SIXTH CAUSE OF ACTION
### VIOLATION OF NRS 597.600 – 597.688
### (Against all Defendants)

76. Plaintiff realleges and incorporates paragraphs 1 through 75 as though fully set forth herein.

77. Plaintiff is a person as defined by NRS 597.600 and entitled to the benefits of this statute.

78. Plaintiff duly reported the defects in the subject RV as outlined herein to the Defendants and each of them.

79. Plaintiff made reasonable attempts at repairs of the subject RV but was thwarted by the actions of the Defendants, and each of them as outlined in NRS 597.630.

80. As a direct and proximate result of the Defendants' conduct in failing to make or allow the required repairs, Plaintiff is entitled to the remedies as outlined in NRS 597.630.

81. Defendants and each of them acted with malice, oppression or fraud and Plaintiff is therefore entitled to punitive damages pursuant to NRS 42.005.

82. Plaintiff is entitled to his actual damages, costs, reasonable attorney fees, and punitive damages as outlined above as per NRS 597.688.

/ / /

13

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT
### (Against all Defendants)

83. Plaintiff realleges and incorporates by reference paragraphs 1 through 82 as though fully set forth herein.

84. As a purchaser of the subject RV, Plaintiff is entitled to the benefits of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-2312, et seq.).

85. Plaintiff is informed and believes and therefore alleges that Defendants, and each of them, have violated the provisions of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-2312, et seq.) by failing to comply with the obligations under the Act and under the written and implied warranties and service contract. Defendants, and each of them, have failed to comply with these obligations, among other things, by failing and refusing to repair the subject RV; by failing and refusing to provide a replacement RV; by failing and refusing to make and/or pay for repairs to the subject RV; by failing to notify the Plaintiff of the various defects outlined herein; by failing and refusing to allow the Plaintiff a refund; and other ways yet unknown.

86. Plaintiff has duly provided Defendants, and each of them an opportunity to cure the defects in the subject RV and the Defendants, and each of them, have refused to perform their duties under the above statute.

87. Plaintiff has made a reasonable number of attempts at repairs as outlined in the statute but said attempts have been unsuccessful.

88. As a direct and proximate result of the acts of the Defendants, and each of them, Plaintiff has suffered to his damage that will be shown according to proof.

89. Plaintiff has been forced to retain counsel and is therefore entitled to costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION
## FRAUD
### (Against all Defendants)

90. Plaintiff realleges and incorporates by reference paragraphs 1 through 89 as though fully set forth herein.

91. Defendants, through their sales representatives Robert Duston and Paul Gottlieb represented to Plaintiff verbally and through written materials that the subject RV was a 2014 model year vehicle. They also represented to Plaintiff verbally and through written materials that the subject RV was a new vehicle, in good working order, had been inspected, and was free from defects.

92. Plaintiff is informed and believes that these representations were false, that Defendants knew or should have known that the representations were false and/or that Defendants failed to disclose the truth about their representations, and at the time the representations were made, the vehicle was in fact a 2013 model year vehicle and that the subject RV had numerous defects as outlined herein.

93. Plaintiff is informed and believes and therefore alleges that regardless of the Defendants' representatives' belief when they made these representations and statements, the representations were made without any reasonable grounds for believing them to be true.

94. Defendants' representatives made these representations with the intent to induce the Plaintiff to rely on them.

95. Plaintiff was unaware of the falsity of the Defendants' representatives' statements and justifiably relied on those statements in purchasing the subject RV.

96. That as a direct and proximate result of the Defendants' representatives' misrepresentations to the Plaintiff, the Plaintiff has sustained damages that will be shown

according to proof.

97. That the Defendants acted with malice, oppression, or fraud and that therefore the Plaintiff is entitled to punitive damages according to NRS 42.005.

98. Plaintiff is entitled to reasonable attorney's fees and costs of suit as a result of the Defendants' actions.

WHEREFORE, Plaintiff prays for a judgment as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages according to proof;

4. For loss of use of the subject RV;

5. For emotional distress;

6. For property damages;

7. For damages pursuant to 15 U.S.C. § 2301, et. seq.;

8. For damages pursuant to NRS 597.600 et. seq.;

9. For damages pursuant to NRS 598.0915;

10. For prejudgment interest;

11. For costs and reasonable attorney fees;

12. For such further relief as the Court deems just and proper.

Dated: January 26, 2015          /s/   *Randal R. Leonard, Esq.*
                                 RANDAL R. LEONARD, ESQ.
                                 Nevada Bar No. 6716
                                 Law Office of Randal R. Leonard, Esq.
                                 500 S. Eighth St.
                                 Las Vegas, NV 89101
                                 (702) 598-3667/ office
                                 (702) 598-3926/ facsimile
                                 Attorney for Plaintiff

# CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that on this 26th day of January, 2015, I did cause a true and correct copy of PLAINTIFF's SECOND AMENDED COMPLAINT to be electronically transmitted to the Clerk of the Court using the ECF system for filing. Furthermore, a true and correct copy of the foregoing was mailed to the following, postage paid, and sent out for postal mail collection in accordance with our standard business practices. Based on the records on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following FCF registrants:

Michael M. Edwards, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN, & DICKER, LLP
300 South Fourth Street, 11th Floor
Las Vegas, NV 89101
Michael.Edwards@wilsonelser.com
*Attorney for the Defendants*

/s/   *Randal R. Leonard, Esq.*
RANDAL R. LEONARD, ESQ.

17