# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIM BOLIBA, ) | Case No. 2:14-cv-01840-JAD-NJK |
| Plaintiff(s), ) | |
| ) | ORDER DENYING MOTIONS |
| vs. ) | |
| ) | |
| CAMPING WORLD, INC., et al., ) | (Docket Nos. 36, 37) |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Defendant Camping World, Inc.'s ("Defendant") motion to compel, as well as a corresponding motion for sanctions. Docket Nos. 36, 37. For the reasons discussed more fully below, the motions are hereby **DENIED** without prejudice.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a party bringing a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the nonresponsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation

"promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The pending motion includes a certification that Defendant's counsel sent emails to Plaintiff's counsel regarding the outstanding discovery dispute. Docket No. 36 at 3. The case law in this District is abundantly clear that such written correspondence, standing alone, does not satisfy the personal consultation requirements outlined above. *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 2558219, *2 (D. Nev. June 10, 2013) (citing *ShuffleMaster*, 170 F.R.D. at 172). Accordingly, the motion to compel is hereby **DENIED** without prejudice. Because the motion to compel is being denied, the corresponding motion for sanctions is similarly **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: June 2, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge