UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIM BOLIBA, ) | Case No. 2:14-cv-01840-JAD-NJK |
|               Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | (Docket No. 28) |
| CAMPING WORLD, INC., et al. ) | |
| ) | |
|               Defendant(s). ) | |

      Pending before the Court is Defendants' motion to strike Plaintiff's expert pursuant to Rule 37(c)(1). Docket No. 28.[1] Plaintiff filed a response and Defendants filed a reply. Docket No. 32, 34. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the Court hereby **GRANTS** the motion for sanctions in part and **DENIES** it in part.

**I.    APPLICABLE STANDARDS**

      A party must disclose the identity of any expert witness it intends to use at trial. Rule 26(a)(2)(A). The party must also provide a written report of the expert. Rule 26(a)(2)(B). Parties must disclose their experts at the times and in the sequence that the court orders. Rule 26(a)(2)(D). The Local Rules in this District–and the scheduling order issued in this case–require that initial expert disclosures be made 60 days prior to the discovery cut-off. Local Rule 26-1(e)(3); Docket No. 16 at 2.

---

    [1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

When a party fails to meet its expert disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate. Rule 37(c)(1) provides that a non-compliant party is "not allowed to use the information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Even where non-disclosure is neither harmless nor justified, however, courts are not required in all instances to exclude evidence as a sanction. *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011). Rule 37(c)(1) enumerates a number of other potential sanctions, including payment of reasonable expenses incurred, an order that the movant may inform the jury of the opposing party's failure, and any other "appropriate" sanction, including those listed in Rule 37(b)(2)(A)(i)-(vi).

The court has wide discretion in determining the appropriate sanction. *See Yeti*, 259 F.3d at 1106. In determining the appropriate sanction, the Court looks to five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Moreover, where evidence exclusion "amount[s] to dismissal of a claim, the district court [is] required to consider whether the noncompliance involved willfulness, fault, or bad faith." *R&R Sails, Inc. v. Insurance Co. Of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

## II.   ANALYSIS

With the applicable standards in mind, the Court turns to its analysis. In this case, the initial expert disclosures were due no later than March 5, 2015. *See* Docket No. 16 at 2. Notwithstanding that deadline, Plaintiff did not make his disclosures for Dr. Guentzler until April 27, 2015. *See* Docket No. 32 at 3. Plaintiff does not dispute that this disclosure was untimely. *See* Docket No. 32 at 4.

Plaintiff argues that the untimely disclosure was sufficiently harmless so as to prevent an exclusion sanction. In particular, Plaintiff notes that Dr. Guentzler's report was served 38 days prior to the current discovery cut-off of June 4, 2015. *See* Docket No. 32 at 3. Plaintiff argues that this period provided sufficient time for Defendants to conduct all necessary discovery of Dr. Guentzler. *See id.*

Harmlessness may be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report. *See, e.g.*, *Cruz v. Durbin*, 2014 WL 4182334, *3 (D. Nev. Aug. 21, 2014) (citing *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, *4 (D. Nev. Jan. 6, 2011)). While a close question, in the circumstances of this case, the Court finds the untimely disclosure of Dr. Guentzler to have been sufficiently harmless to make exclusion an improper sanction.[2] Defendants understandably chose not to move forward with deposing Dr. Guentzler and challenging his report while their motion to strike was pending. As a result, the Court will provide Defendants with a reasonable period for doing so, as outlined below.

Despite the above, the untimely disclosure remains sanctionable. *See, e.g.*, *Cruz*, 2014 WL 4182334, at *3. In particular, Plaintiff's failure to timely disclose Dr. Guentzler has resulted in Defendants' incursion of attorney's fees with respect to filing the pending motion. Plaintiff's shortcoming will also result in Defendants' incursion of additional attorney's fees in preparing for and deposing Dr. Guentzler, as well as expert fees and other expenses for doing so. *See, e.g.*, Rule 26(b)(4)(E). The Court will mitigate this prejudice to Defendants by ordering Plaintiff to pay all reasonable attorney's fees, expenses and costs associated with (1) filing the pending motion and reply, and (2) preparing for and deposing Dr. Guentzler. *See Cruz*, 2014 WL 4182334, at *3.

### III.   CONCLUSION

For the reasons discussed more fully above, the motion to strike is hereby **DENIED**. The Court further **ORDERS** that Defendants shall have until August 7, 2015, to depose Dr. Guentzler and prepare a rebuttal report if they deem one necessary. This extension is strictly limited to Defendants' deposition of Dr. Guentzler and preparation of any rebuttal report by Defendants, and this order shall not be construed as otherwise expanding the discovery period. The deadline to file dispositive motions is **EXTENDED** to September 8, 2015. If dispositive motions are not filed, then the joint proposed pretrial order shall be filed no later than October 7, 2015.

---

[2] Even were the Court to find the late disclosure to not be harmless, it would find exclusion to be too harsh under the circumstances. *See Jackson*, 278 F.R.D. at 594 (courts are not required to impose exclusion sanction in all cases even when the non-movant fails to show harmlessness or justification).

In addition to the above, the Court **ORDERS** that Plaintiff pay (1) Defendants' reasonable attorney's fees in filing the pending motion and reply, (2) Defendants' reasonable attorney's fees in preparing for and deposing Dr. Guentzler, and (3) all expenses and costs arising from the deposition of Dr. Guentzler. Within 14 days of the conclusion of that deposition, Defendants shall submit an affidavit of attorney's fees, expenses and costs. Any response to that affidavit shall be filed by Plaintiff no later than 7 days after it is filed.[3]

Lastly, the Court **CAUTIONS** Plaintiff that it expects strict compliance with all deadlines in the future.

**IT IS SO ORDERED.**

DATED: June 24, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] In lieu of filing that affidavit, the parties are encouraged to attempt to agree among themselves to a reasonable amount to be paid by Plaintiff.