# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KIM BOLIBA,<br>　　　　　　　Plaintiff(s),<br>vs.<br>CAMPING WORLD, INC., et al.<br>　　　　　　　Defendant(s). | Case No. 2:14-cv-01840-JAD-NJK<br><br>ORDER |

On June 24, 2015, the Court ordered Defendants to submit an affidavit detailing their attorney's fees, expenses and costs. Docket No. 41. Defendants have now filed an affidavit detailing hours spent by their attorneys, as well as detailing certain expenses and costs. Docket No. 45. As part of the lodestar analysis, the party requesting fees must show that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9t Cir. 1990). It does not appear that Defendants have justified the hourly rates sought by their attorneys in the pending

affidavit.[1]  Accordingly, no later than August 17, 2015, Defendants shall file supplemental information supporting the hourly rates sought.

If Plaintiff chooses, he may respond to the hourly rates sought, the number of hours claimed, and the expenses and costs.  Any such response shall be filed no later than August 24, 2015.

**IT IS SO ORDERED.**

DATED: August 13, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The affidavit includes the bald assertion that "[t]he fees . . . are reasonable and within the ordinary charges for similar legal work in the Las Vegas community."  *See* Docket No. 45 at 2.  The affidavit does not even explain how many years of experience counsel have, and provides no information explaining why the hourly rates sought are proper.  The Court finds the cursory statement to be insufficient.