# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIM BOLIBA, ) | |
|               Plaintiff(s), ) | Case No. 2:14-cv-01840-JAD-NJK |
| vs. ) | ORDER |
| CAMPING WORLD, INC., et al. ) | |
|               Defendant(s). ) | |

On June 24, 2015, the Court ordered Defendants to submit an affidavit detailing their attorneys' fees, expenses and costs. Docket No. 41. Defendants have now filed an affidavit detailing hours spent by their attorneys, as well as listing certain expenses and costs. Docket No. 45. In response to the Court's subsequent order, Defendants have also filed an affidavit detailing the hourly attorney and paralegal rates they are seeking. Docket No. 47. Plaintiff filed a response opposing both the hours sought, the rates claimed, and the costs identified. Docket No. 48. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2.

**I.    BACKGROUND**

On June 24, 2015, the Court ruled on Defendants' motion to strike Plaintiff's late-disclosed expert. Docket No. 41. The Court found the issue of whether to strike Dr. Guentzler as an expert witness in this case to be a close question, but ultimately decided that his untimely disclosure was sufficiently harmless such that exclusion was not a proper sanction. *Id.* at 3. Nonetheless, the Court found that it was proper to impose other sanctions to mitigate the prejudice to Defendants caused by the late disclosure. *See id.* The Court ordered Plaintiff to pay: (1) Defendants' reasonable attorneys' fees

in filing that motion and reply, (2) Defendants' reasonable attorneys' fees in preparing for and deposing Dr. Guentzler, and (3) all expenses and costs arising from the deposition of Dr. Guentzler. *See id.* at 4. The only issue before the Court is calculating those fees and costs.

## II.     ATTORNEYS' FEES

Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1]

### A.     Threshold Argument for Outright Denial

The Court notes at the outset Plaintiff's threshold argument that inadequacies in Defendants' showing of the hours expended and the rates sought should result in an outright denial of their fee request. *See, e.g.*, Docket No. 48 at 5-6. The Court will not entertain such an argument because it is contrary to governing Ninth Circuit authority. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121-22 (9th Cir. 2000) (holding that district court abused its discretion in outright denial of excessive and poorly documented fee request). In such circumstances, courts are generally required to either seek additional information or simply reduce the attorneys' fees awarded as appropriate. *See id.*

### B.     Hours Expended

Defendants seek to recover for nearly 80 hours of attorney and paralegal time through their current request. *See, e.g.*, Docket No. 45-2. Plaintiff argues that the hours sought are not within the scope of those found to be compensable in the Court's order and are otherwise excessive. *See, e.g.*, Docket No. 48 at 3-7. The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d

---

[1] The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See, e.g.*, *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Neither party argues for an adjustment, and the Court finds the lodestar amount to be reasonable.

446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 434; *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. To that end, in determining the reasonableness of hours spent in relation to a motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). "While attorneys and their clients are free to staff matters as they see fit, they are not entitled to recover fees as sanctions for hours that are deemed to be excessive." *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, *5 (D. Nev. Sept. 20, 2013) (citing *Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, 2012 WL 2244262, *10 (D. Nev. June 15, 2012)). Having reviewed these factors, the Court agrees with Plaintiff that the hours claimed by Defendants are excessive.

In its order awarding attorneys' fees, the Court ordered that Plaintiff must pay Defendants' reasonable attorneys' fees expended filing the motion to strike and reply, as well as Defendants' reasonable attorneys' fees in preparing for and deposing Dr. Guentzler. Docket No. 41 at 4. The Court agrees with Plaintiff for the most part that the attorneys' fees allowed herein should be limited to those expressly enumerated activities.[2] To that end, the Court will not allow recovery of attorneys' fees for activities such as reviewing Plaintiff's expert disclosure "to prepare defense" or searching a database for documents used "to assist attorneys in preparing a motion for summary judgment." Docket No. 45-2 at 2. The Court will also not allow recovery for the time spent in responding to Plaintiff's objection to

---

[2] The one exception is that Defendants may recover for the time spent preparing the materials they submitted in support of their request for attorneys' fees. *See, e.g.*, *Anderson v. Director, Office of Workers Compensation Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996) ("Such compensation must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received."); *see also Greene v. Alan Wexler Group Charter Servs., LLC*, 2014 WL 1347788, *3 (D. Nev. Apr. 4, 2014) (including the time spent preparing materials supporting fee award in attorneys' fees calculation under Federal Rule of Civil Procedure 37(c)(1)(A)).

the sanctions order because there has not been a determination that recovery of those attorneys' fees would be appropriate.[3]  As such, the Court will excise the corresponding fee entries from its calculation of attorneys' fees at this time.

     After excising the above hours, it is clear that the hours spent on activities properly before the Court were excessive.  By way of example, Ms. Blackburn spent 2.1 hours preparing the procedural history section of the affidavit of fees, *see* Docket No. 45-2, which consists of less than a page of basic procedural information easily identified on the docket, *see, e.g.*, Docket No. 45 at 1-2 ("On April 29, 2015, Defendants filed a Motion to Strike Plaintiff's Untimely Designated Witnesses under Fed. R. Civ. P. 37(c)(1). (Doc. No. 28).  Plaintiff filed a response (Doc No. 32) and Defendants filed a reply (Doc. No. 34)").  In the Court's review, that section could have been drafted in less than 30 minutes.  Similarly,  Mr. Hafen spent nearly 11 hours directed solely to researching and briefing the motion to strike, *see* Docket No. 45-2 at 2-3, which was excessive in light of the complexity of the issues involved, the need to review the record and pleadings, the length of the briefing, and the need to conduct legal research. In preparing for the actual deposition (and excluding the time of the deposition itself), Mr. Hafen billed 17.3 hours in the days leading up to and the day of the deposition, on top of the 4.4 hours billed by Mr. Edwards. *See* Docket No. 45-2 at 5-6.  Mr. Hafen's time spent preparing for the deposition was excessive, as is Mr. Edwards' time considering that it does not appear that he took the deposition and was instead overseeing Mr. Hafen's preparation.[4]

     Having carefully reviewed the record and in the circumstances of this case, the Court finds that the hours reasonably spent on drafting the motion to strike, drafting the reply to the motion to strike, preparing the fee request materials, and preparing for and deposing Dr. Guentzler are as follows:

- Mr. Edwards: 5.1 hours

---

[3] Whether the rule applicable to this case allows for the awarding of fees in responding to an objection to a discovery sanction order and, if so, whether the circumstances are such that it would be proper to award them, are not issues that are currently before the Court.  To the extent Defendants are seeking to recover attorneys' fees for the time expended in responding to Plaintiff's objection, that request is denied without prejudice.

[4] As another example, Mr. Hafen and Ms. Blackburn collectively spent .7 hours drafting, reviewing and editing the notice of deposition, Docket No. 45-2 at 4, which is clearly excessive.

4

1 •   Mr. Hafen: 22.4 hours

2 •   Ms. Blackburn: 1.8 hours

### C. Hourly Rates

In addition to establishing the reasonable hours expended, the party requesting attorneys' fees must also show that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9t Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). It is especially appropriate for the Court to rely on its experience and knowledge of the prevailing rates in the community when the movant has failed to properly establish the reasonableness of the rates requested. *See Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, 2015 WL 2450195, *7 (D. Nev. May 22, 2015); *see also Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1162 (N.D. Cal. 2012) (given infirmities in evidentiary support for fee award, magistrate judge properly relied on familiarity with rates in the community).

In this instance, Mr. Edwards seeks an hourly rate of $250. Docket No. 47 at 2. He has been an attorney for 20 years, has considerable experience in similar cases, and is the managing partner of his law firm's Las Vegas Office. *See id.* Mr. Edwards represents that his rates are below the prevailing market rate in the Las Vegas area for similar attorneys. *See id.* Based on the other case law in this District and the Court's familiarity with the prevailing rates in the community, the Court agrees with Mr. Edwards that the hourly rate sought is on the low end of the spectrum of reasonableness in this community. *See, e.g.*, *Mayweather v. Wine Bistro*, 2014 WL 6882300, *10 (D. Nev. Dec. 4, 2014) (collecting cases). As such, the Court finds the hourly rate of $250 for Mr. Edwards to be appropriate.

Mr. Hafen seeks an hourly rate of $200. Docket No. 47 at 2. He has been an attorney for three years, having graduated with both a law and business degree in 2012. *See id.* Mr. Edwards represents that the rates sought for Mr. Hafen are at or below the rates charged in the community for similar

services by lawyers of reasonably comparable skill, experience, and reputation. *See id.* While the showing is a pretty thin one, based on the other case law in this District and the Court's familiarity with the prevailing rates in the community, the Court agrees that this hourly rate is in line with the prevailing rate in this community for similar attorneys. *See John Hancock Life Ins. Co. v. Jacobs*, 2014 U.S. Dist. Lexis 19283, *8 (D. Nev. Feb. 13, 2014) (approving billing rate of $250 for third year associate). As such, the Court finds the hourly rate of $200 for Mr. Hafen to be appropriate.

Ms. Blackburn seeks an hourly rate of $125. Docket No. 47 at 3. She holds a paralegal certificate and has been a paralegal for 24 years. *See id.* Mr. Edwards represents that the rates sought for Ms. Blackburn are at or below the rates charged in the community for similar services by paralegals of reasonably comparable skill, experience, and reputation. *See id.* While the showing is a pretty thin one, based on the other case law in this District and the Court's familiarity with the prevailing rates in the community, the Court agrees the hourly rate sought is in line with the prevailing rate in this community. *See, e.g.*, *Watson v. NCO Fin. Sys.*, 2015 U.S. Dist. Lexis 56201, *4 (D. Nev. Apr. 29, 2015) (finding hourly rate of $125 for paralegal to be reasonable). As such, the Court finds the hourly rate of $125 for Ms. Blackburn to be appropriate.

### D. Calculation

Based on the hours and hourly rates found to be reasonable, the lodestar in the pending matter is calculated as follows:

| | | |
|---|---|---|
| Mr. Edwards: | 5.1 hours x $250/hour | = $1,275 |
| Mr. Hafen: | 22.4 hours x $200/hour | = $4,480 |
| Ms. Blackburn: | 1.8 hours x $125/hour | = $225 |
| | Total | = $5,980 |

## III. COSTS

Defendants also seek to recover their costs of $2,620.05 incurred in connection with the briefing and deposition at issue. Docket No. 45-2 at 8. Plaintiff objects to the court reporter fee of $2,591.30 as excessive, especially since that fee would represent an hourly rate of approximately $360 for the roughly seven-hour deposition. Docket No. 48 at 7. Plaintiff also notes that the court reporter's invoice was not submitted to the Court. *See id.* A party seeking costs bears the initial burden of establishing

and supporting the amount that it is seeking. *Cf. In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1368 (Fed. Cir. 2011); *see also* Local Rule 54-1(b) ("An itemization and, where available, documentation of requested costs in all categories must be attached" to the request for costs); *Rubin v. Scotts Co.*, 2014 WL 4635708, *2 (D. Nev. Sept. 16, 2014) (denying request for deposition transcript costs where documentation of those costs was not provided). In this instance, Defendants have simply included a line item in a chart for the court reporter fee along with a generalized assertion that all of the costs on that chart are reasonable and ordinarily charged within the Las Vegas area. *See* Docket No. 45 at 2; Docket No. 45-2 at 8. There is no explanation of how that cost was calculated nor is any invoice or other documentation of that cost provided. Moreover, and unlike the hourly attorney and paralegal rates sought, the Court's review of case law from this District does not readily support the reasonableness of the cost sought. *Cf. Jones v. Skolnik*, 2014 WL 4206870, *2 (D. Nev. Aug. 25, 2014) (outlining total court reporter deposition cost of $367, comprised of $80 for court reporter's attendance, $272 for transcript and copy, and $15 for postage).[5] Given the circumstances of this case, the Court declines to award $2,591 for court reporter costs and finds an award of $1,000 for the court reporter to be more reasonable. Accordingly, the Court will award a total of $1,028.75 in costs.

**IV. CONCLUSION**

For the reasons discussed more fully below, the Court hereby awards Defendants $5,980 in attorneys' fees and $1,028.75 in costs. Payment shall be made to Defendants in those amounts no later than September 30, 2015.

**IT IS SO ORDERED.**

DATED: August 27, 2015

                                                            NANCY J. KOPPE
                                                            United States Magistrate Judge

---

[5] At the same time, the Court is cognizant that such case law is not entirely helpful given that court reporter costs may vary depending on, *inter alia*, the length of the deposition.