UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kim Boliba,<br><br>    Plaintiff<br><br>v.<br><br>Camping World, Inc. *et al.*,<br><br>    Defendants | 2:14-cv-01840-JAD-NJK<br><br>**Order Granting Motion for Summary Judgment and Closing Case**<br><br>[ECF No. 50] |

In this removed action, Kim Boliba sues Camping World, Inc., Wheeler RV Las Vegas, LLC, d/b/a/ Camping World RV Sales, LLC, and Winnebago Industries, Inc. for breach of contract and related claims, all stemming from his December 2013 purchase of an RV from Camping World of Las Vegas. Boliba alleges that the RV he purchased is a 2013 model rather than the 2014 model he was promised and that the RV is riddled with defects that defendants refuse to fix. Defendants move for summary judgment, arguing that Boliba lacks evidence that the RV is a 2013 rather than a 2014 or that it has functional defects or that the defects did not result from regular wear and tear on the vehicle. I agree, grant defendants' motion, and instruct the Clerk of Court to enter judgment for defendants and against Boliba and to close this case.[1]

**Background**

On December 10, 2013, Boliba contracted with Wheeler RV to purchase a new 2014 Winnebago Itasca Ellipse 42GD for $342,000.[2] The signed sales agreement contains a "disclaimer of warranties" provision under which Wheeler RV disclaimed all express or implied warranties.[3] The certificate of origin for the Freightliner custom chassis component of the RV states that the

---

[1] I find this motion suitable for disposition without oral argument. L.R. 78-2.

[2] ECF No. 50-17 at 17–21.

[3] *Id.* at 17.

model year is not available because it is an incomplete vehicle.[4]  Winnebago's certificate of origin for the completed RV designates it as a 2014 model year and certifies that the new RV was transferred to Camping World of Las Vegas.[5]  The transfer of title documentation indicates that Boliba purchased the RV directly from Camping World.[6]

Boliba alleges that, when he went to register his new RV at the California DMV, he was informed that it was actually a 2013.[7]  He also alleges that a comparison of the brochures from Winnebago for the Itasca Ellipse model years 2013 and 2014 shows that his RV is actually a 2013 model.[8]  And he claims that he and his partner Rich Wheatley discovered dozens of defects upon taking possession of the RV, that they duly reported these defects to Wheeler RV, and that Wheeler RV has refused to fix most of them.  In his second amended complaint, Boliba asserts claims for breach of contract, deceptive trade practices, breach of express and implied warranties, breach of the implied covenant of good faith and fair dealing, violation of Nevada's lemon law, and fraud.[9]  The defendants collectively move for summary judgment, arguing that Boliba's claims fail because the RV he received is a 2014 model as promised and is not functionally defective, and any alleged defects are the result of Boliba's failure to reasonably maintain the RV.[10]

**Discussion**

**A.    Summary-judgment standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

---

[4] *Id.* at 20.

[5] *Id.* at 18.

[6] *Id.* at 18–19.

[7] ECF No. 18 at 4, ¶ 21.

[8] *Id.* at 5, ¶ 31

[9] *See* ECF No. 18.

[10] Ecf No. 50 at 10.

law."[11]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[12]  If reasonable minds could differ on the material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[13]

If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[14]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[15]  The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[16]  Boliba has failed to authenticate any of the 46 exhibits he submits in response to defendants' summary-judgment challenge.[17]  Because I decline to consider any of Boliba's unauthenticated exhibits, he has a fatal lack of evidence to prove his claims.

---

[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[12] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[13] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[15] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[16] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[17] For example, ECF No. 62-1 (Boliba deposition, reporter's certificate is not signed); ECF No. 62-4 (Wheatley deposition, no reporter's certificate); ECF No. 62-5 (Dr. William D. Guentzler's deposition, reporter's certificate is not signed); ECF Nos. 65-7, 65-8, 65-9, 69-10 (Dr. Guentzler's expert report, report not signed under penalty of perjury), *see Shuffle Master, Inc. v. MP Games LLC*, 553 F. Supp. 2d 1202, 1210 (D. Nev. 2008) (holding that unsworn expert reports are inadmissible); *Romero v. Nevada Dep't of Corr.*, No. 2:08-C-808-JAD-VCF, 2013 WL 6206707, at * 12 (D. Nev. Nov. 27, 2013) (same).  I also decline to consider defendants' expert witness's report because it is also not made under penalty of perjury.  ECF No. 50-22.

**B.     There is no genuine dispute of material fact for trial.**

Vital to Boliba's claims are that the Winnebago-brand RV that he purchased from Camping World:

    (1) is a 2013 model, not 2014 as represented and contracted for;

    (2) was not new, as represented and contracted for, and had been in an accident that defendants were aware of but failed to disclose to Boliba; or

    (3) suffered from value-reducing defects not caused by Boliba that should have been repaired under an express or implied warranty.

But Boliba failed to produce admissible evidence to establish that a genuine issue of fact exists for trial as to any of these issues, which, as discussed in more detail below, proves fatal to his claims. At this dispositive-motion stage.

C.     Defendants are entitled to summary judgment on Boliba's claim for breach of contract.

To prevail on a breach of contract claim in Nevada, a plaintiff must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.[18] Boliba argues that defendants breached the sales contract by selling him an RV that was defective and a 2013 model instead of the agreed-to 2014 model.[19] I previously dismissed this claim against Winnebago,[20] and the remaining defendants argue that they are entitled to summary judgment on this claim because Boliba lacks evidence to show that the RV that he purchased is not a 2014 model. They contend that Winnebago's certificate of origin for the RV—which designates it as a 2014 model—is controlling because Winnebago was the final-state motorhome manufacturer.[21]

Boliba argues that a jury could believe defendants sold him a 2013 model rather than 2014 model because (1) Winnebago brochures show that the 2014 model featured two powered patio awnings and his RV only has one, (2) the metallic paint on his RV was not available on the 2014

---

[18] *Richardson v. Jones*, 1 Nev. 405, 405 (1985).

[19] ECF No. 62 at 17.

[20] ECF No. 30.

[21] ECF No. 50 at 10.

model according to the brochures, and (3) he registered the RV as a 2013 model at the California DMV.[22] He also contends that his retained expert found 76 "nonconformities" in the RV from which a jury could find breach of contract.[23] Even if the evidence that Boliba cites were sufficient to create a genuine issue of material fact about whether defendants breached the sales contract,[24] none of it is properly authenticated. Because Boliba lacks properly authenticated evidence to show that the RV is a 2013 model or that if suffers from any defects (let alone defects sufficient to constitute breach of contract), Camping World and Wheeler RV are entitled to summary judgment on claim one.

### D. Defendants are also entitled to summary judgment on Boliba's deceptive-trade-practices claim.

A business engages in deceptive trade practices under Nevada law if it represents that goods are original or new but knows or should know that they are not new or knowingly makes any other false representation or fails to disclose a material fact in connection with a transaction.[25] I previously dismissed this claim as against defendant Camping World,[26] and the remaining defendants argue that summary judgment is proper because there is no evidence that they made any misrepresentations

---

[22] ECF No. 62 at 17, 5–6.

[23] *Id.* at 3.

[24] This claim would not survive summary judgment even if I considered Boliba's unauthenticated exhibits. The brochures that he offers contain disclaimers stating that the items in the photographs and spec sheet are subject to change. Additionally, though Boliba testified in his deposition that a California DMV employee told him that his RV was a 2013 model rather than 2014 model, ECF No. 62-1 at 31, Boliba's partner Rich Wheatley, who accompanied Boliba to the DMV, testified that the DMV agent gave Boliba the option of registering the vehicle as a 2013 or 2014. ECF No. 62-4 at 56–47. Defendants also offer the deposition testimony of Kitty Kramer, the California DMV person most knowledgeable regarding registration of motorhomes, who testified that based on her review of the documents for the RV, it should have been registered as a 2014 model year because that is the model year assigned to it by Winnebago, the final-stage motorhome manufacturer. ECF No. 50-4 at 11–12. This evidence leaves no genuine issue of fact that the vehicle was a 2014, and any mischaracterization of the vehicle as a 2013 is attributable to the plaintiff.

[25] *See* NEV. REV. STAT. § 598.0915.

[26] ECF No. 30.

about the RV or failed to disclose any material facts in connection with the sale.[27]

Boliba baldly responds that he can show that defendants "knowingly made false representations as to the model year of the [RV] and/or condition of the [RV] at the time of purchase."[28] He further represents that the "anticipated" testimony of his expert Dr. Guentzler will show that the defendants knew or should have known that the RV was in a collision before he bought it but failed to disclose that fact.[29] Boliba does not offer any admissible evidence to show that the RV was in a collision before the sale, let alone that defendants knew about this history and neglected to tell him. Boliba also offers no admissible evidence to show that defendants' representations that the RV was a new, 2014 model were untrue. Because Boliba lacks evidence to show that defendants made any material misrepresentations in the course of the sale, Winnebago and Wheeler RV are entitled to summary judgment on claim two.

**E.     Boliba also lacks evidence to support his federal and state-law breach of warranty claims.**

To prevail on a breach of warranty claim under Nevada law, a plaintiff must show "that a warranty existed, the defendant breached the warranty, and the defendant's breach was the proximate cause of the loss sustained."[30] The Magnuson-Moss Warranty Act[31] provides a federal cause of action for state-law express and implied-warranty claims.[32] Boliba's state-law warranty claims have already been dismissed against Camping World,[33] and the remaining defendants argue that they are entitled to summary judgment on all three of Boliba's breach-of-warranty-claims because he lacks

---

[27] ECF No. 50 at 13.

[28] ECF No. 62.

[29] *Id.* at 19.

[30] *Nevada Contract Servs. v. Squirrel Co.*, 68 P.3d 896, 899 (Nev. 2003).

[31] 15 U.S.C. § 2301–2312, *et seq.*

[32] *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales, Practices, and Products Liability Litigation*, 754 F. Supp. 2d 1145, 1188 (C.D. Cal. 2010).

[33] ECF No. 30.

evidence that he received a 2013 model instead of a 2014 model as promised, or that they have breached any express or implied warranties.[34]

Relying almost entirely on his own, unauthenticated deposition testimony, Boliba responds that Winnebago breached the express warranty on the RV when its authorized dealer, Wheeler RV, failed to perform requested repairs and that this failure diminished the value of the RV. Even if the dealer's conduct could be imputed to Winnebago, Boliba lacks evidence to show that any repairs required to be made under any express or implied warranty on the RV were not made,[35] or that the RV decreased in value as a result. Accordingly, Winnebago and Wheeler RV are entitled to summary judgment on claims three, four, and seven.

### F. Defendants are entitled to summary judgment on Boliba's claim for breach of the contract-based implied covenant of good faith and fair dealing.

Under Nevada law, an implied covenant of good faith and fair dealing exists in every contract.[36] The Nevada Supreme Court has explained that "when one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith."[37] I previously dismissed this claim against Winnebago.[38]

Boliba contends that defendants breached the implied covenant of good faith and fair dealing by refusing to give him a brochure for the RV at the time of the sale and not disclosing that the RV

---

[34] ECF No. 50 at 15.

[35] Boliba does not even identify which specific express or implied warranties he believes were breached.

[36] *Pemberton v. Famers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993).

[37] *Hilton Hotels v. Butch Lewis Prod.*, 808 P.2d 919, 923 (Nev. 1991).

[38] ECF No. 30 at 2. I also dismissed this claim against all parties to the extent it is not based on the implied covenant of good faith and fair dealing in a contract with Boliba. Boliba clarifies in his opposition that this claim is based solely on the contract-based implied covenant of good faith and fair dealing. ECF No. 62 at 20–21.

had been in an accident.[39]  It is difficult to see how not providing a brochure for the RV that Boliba purchased after multiple in-person inspections deprived Boliba of his justified expectations under the written sales agreement.  And Boliba lacks evidence to show that the RV was ever in an accident, let alone that defendants knew that the RV was in an accident and failed to disclose that fact so as to deprive him of his justified expectations of purchasing a new RV.  The purpose of the contract was for Boliba to purchase a new 2014 Winnebago RV, and Boliba lacks properly authenticated evidence to show that he did not receive a new 2014 Winnebago RV or that his justified expectations under the contract were thus denied.  Wheeler RV and Camping World are therefore also entitled to summary judgment on claim five.

**G.     Defendants are entitled to summary judgment on Boliba's lemon-law claim**.

Nevada's "lemon law" requires a manufacturer or its authorized dealer to replace or accept return of a vehicle if, after a reasonable number of attempts, the manufacturer is unable to conform the vehicle to any express warranty by repair or correction and the defect causing the nonconformity substantially impairs the use and value of the vehicle, provided that the complained-of condition is not the result of abuse, neglect, or unauthorized modifications or alterations of the vehicle.[40]  I previously dismissed this claim against Camping World.

Boliba does not offer any admissible evidence to show that any defendant breached an express warranty.  Indeed, Boliba does not even identify which express warranty he believes was breached.  Boliba also lacks evidence to show that any defendant refused to cure a warranty-breaching defect after a reasonable number of attempts, that the nonconformity substantially impairs the use and value of the RV, or that the complained-of conditions are not the result of neglect or regular wear and tear.  I therefore grant summary judgment in favor of Wheeler RV and Winnebago on claim six.

---

[39] ECF No. 62.

[40] *See* NEV. REV. STAT. § 597.630.

**H.     Boliba's fraud claim also fails.**

To prevail on a claim for fraud under Nevada law, a plaintiff must show that (1) the defendant made a false representation, (2) the defendant knew or believed the representation was false or the defendant had an insufficient basis for making the representation; (3) the defendant intended to induce the plaintiff to act or refrain from acting in reliance on the misrepresentation, (4) the plaintiff justifiably relied on the misrepresentation, and (5) damage to the plaintiff resulted from that reliance.[41]  I previously dismissed this claim against Camping World and Winnebago.[42]

Boliba alleges that Wheeler RV's sales people misrepresented that the RV was a 2014 model year rather than 2013 and that the RV was in good working order, knew these representations to be false, and made them with the intention of inducing Boliba's reliance, and that he also justifiably relied on them.[43]  Because Boliba lacks evidence to show that the RV is a 2013 rather than a 2014 model or that it was defective when it was sold to him, he cannot show that the complained-of representations were false.  Accordingly, I grant Wheeler RV's motion for summary judgment on claim seven.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **defendants' motion for summary judgment [ECF No. 50] is GRANTED.**  The Clerk of Court is instructed to ENTER JUDGMENT in favor of defendants and against Boliba and CLOSE THIS CASE.

Dated this 19th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[41] *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 593 (Nev. 1992).

[42] ECF No. 30 at 2.

[43] ECF No. 18 at 15.